## WOOD & WEEKS *v.* DAVIS.

### *Record.*

New copies of appeal from the judgment of a justice of the peace, cannot be filed in the County Court in vacation, and after final judgment has been rendered on the copies originally filed. Nor can the presiding judge allow such copies to be filed so as to make them part of the record. After final judgment, the record cannot be added to nor altered in that manner.

SCIRE FACIAS against the defendant as bail for one Sears on a writ in an action of assumpsit returnable before a justice, and appealed to the County Court. It appeared that the copies of appeal first filed in the County Court, and on which judgment was rendered against said Sears, did not show that the writ run against the body of said Sears. Plaintiffs offered in evidence other copies of appeal in the same cause, showing that said writ did run against the body, to which defendant objected, and proved that they were made and filed in the County Court in vacation, and after judgment was rendered against said Sears; that before filing said copies, plaintiffs' attorney applied to the presiding judge of the County Court, for leave to file the same in vacation, as a more complete record of the justice's judgment, and that the judge said it could be done subject to its legal effect. The court admitted and considered said last-mentioned copies; to which the defendant excepted. Judgment for plaintiffs; to which defendant excepted.

*Davis & Adams*, for defendant.

The court erred in admitting the copies of appeal filed in vacation. They were never properly a part of the record or files of the County Court in the case against Sears. The consent of the presiding judge, (if such it could be called), under the circumstances shown by the exceptions, gave no legal authority for filing said copies. Copies of appeal, which are the basis of the action in appealed cases, cannot be supplied after judgment; certainly not in the manner attempted.

There is another ground which must be fatal to this case. It was not shown that any affidavit was filed with the magistrate who issued the writ. It was incumbent on the plaintiff to show this fact. Having failed to do so, his suit must be lost. *Muzzey* v. *Howard*, 42 Vt. 23.

*E. A. Sowles*, for plaintiffs.

The second copies of appeal show conclusively that the justice writ was a *capias*, and that Sears was arrested thereon, and that the defendant "became bail by indorsing his name on said writ as bail thereon," and at the request of the defendant's attorney a true and attested copy of said writ was delivered to said attorney. This was sufficient to justify the County Court in finding those facts in support of the averments in plaintiff's writ, in connection with other records not objected to by the defendant.

It is sufficient if "it should appear from the record, or from reasonable intendment, that the original writ was a *capias*, and defendant entered bail thereon." *Story* v. *Kimball*, 6 Vt. 541; *McGregor* v. *Balch*, 17 Vt. 562.

The opinion of the court was delivered by

PIERPOINT, Ch. J. This is an action of *scire facias* brought by the plaintiffs against the defendant, in which they seek to recover the amount of a judgment, and the interest thereon, rendered by the County Court in this county, at its September Term, 1871, in favor of the plaintiffs against one Henry Sears, claiming that the defendant became bail for said Sears by indorsing his name upon the writ in that suit in the usual form.

To entitle the plaintiffs to recover in this action, it is necessary for them to show that they recovered a judgment in the County Court aforesaid, upon which they were entitled to an execution against the body of Sears; that such an execution was legally issued, and a *non est* return made thereon, as required by the statute; and that Davis, this defendant, was under a legal obligation to have the body of Sears, forthcoming, to be taken on such execution to respond to the judgment.

To establish these facts, the record of the judgment in the

County Court against Sears, was introduced. That shows that the action against Sears was general assumpsit, and that the original writ therein did not run against the body; hence, there could be no legal arrest thereon; and if there was an attempt to arrest, and this defendant indorsed his name upon that writ as bail, it was of no avail, and imposed no legal obligation upon him. The action against Sears was originally brought before a justice of the peace, and taken to the County Court by appeal. The plaintiffs in this case claim that the copies entered in the County Court were erroneous, in that they did not show that the writ did issue against the body. If there was such an error, the plaintiffs did not discover it until after the judgment had been rendered in the County Court, and the court had finally adjourned. After that, there could be no addition to, or alteration of, the record, such as was attempted. There could be no filing of another justice copy. The judges of the County Court could not allow it to be done so as to make it a part of the record, and did not attempt to. That case stands precisely the same as if such last copy had not been taken to the county clerk. It might just as well have been taken to the town clerk. The county clerk could not legally regard it in issuing the execution—that should have followed the record. When that additional copy was offered, it should have been excluded as no part of the record, and as immaterial.

This defendant had no authority to bring Sears into court in discharge of himself, and if he had brought him in, the court would have had no power to order him into custody to await the issuing of an execution against the body on the original judgment, as no such execution could legally issue.

The record of the judgment of the County Court against Sears is perfect and complete—there is no room or occasion for presumption or intendment; and as the plaintiffs must stand upon that, and as no execution against the body could legally issue upon that, the whole foundation of their proceeding fails.

Judgment reversed, and judgment for defendant to recover his costs.